IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS AMPARO,<br><br>    Petitioner,<br><br>    v.<br><br>DERRAL G. ADAMS, Warden,<br>MATTHEW CATE, Secretary,<br>California Department of Corrections<br>and Rehabilitation<br><br>    Respondents.<br>_____ | No. C 09-0801 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

On February 24, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner has paid the filing fee.

**BACKGROUND**

In 2005, in the Superior Court of Monterey County, petitioner was convicted of attempted murder, robbery, shooting at an occupied vehicle, assault with a deadly weapon, auto theft and evading an officer.  Additionally, sentencing enhancements alleging petitioner was a gang member with a loaded firearm, a felon in possession of a firearm, and in unlawful possession ammunition were found true.  Petitioner was sentenced to a determinate term of

---

[1] Petitioner names as respondents Corcoran State Prison Warden Derral G. Adams, and Matthew Cate, the Secretary of the California Department of Corrections and Rehabilitation. The proper respondent in a habeas action is "the state officer having custody of the applicant," if the applicant is in custody. See Rule 2, Rules Governing Section 2254 Cases, Rule 2. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Id. Advisory Committee Notes.  As Warden Adams is the only proper respondent named herein, Matthew Cate will be dismissed as a respondent to this action.

sixty years and an indeterminate term of fifteen years to life in state prison.  The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Petitioner did not seek state habeas corpus relief.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner raises the following claims for relief: (1) the evidence was insufficient to sustain the verdicts as to the charges of attempted murder, shooting at an occupied vehicle, assault and the weapons charges; (2) petitioner was denied his Sixth Amendment right to effective assistance of counsel and his right to confrontation, when his trial attorney failed to object to testimony by a police officer who identified petitioner from a videotape that petitioner had never seen; (3) the trial court, in violation of petitioner's right to confrontation, wrongly allowed the admission of hearsay testimony that petitioner was a gang member; and (4) the evidence was insufficient to support the jury's finding the gang-member allegation true, in violation of due process.  Liberally construed, petitioner's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Matthew Cate is hereby DISMISSED as a respondent to this action.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    IT IS SO ORDERED.

DATED: August 26, 2009

                                         MAXINE M. CHESNEY
                                         United States District Judge

**United States District Court**
For the Northern District of California

4