United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCOS AMPARO, | ) | No. C 09-0801 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DENYING LEAVE TO FILE AMENDED PETITION; DIRECTING PETITIONER TO ELECT TO PROCEED WITH OR STAY PETITION; GRANTING PETITIONER'S MOTION FOR COPIES; DIRECTIONS TO CLERK AND RESPONDENT** |
| v. | ) | |
| DERRAL G. ADAMS, Warden, | ) | |
| Respondent. | ) | |
| _____ | ) | |
| | | **(Docket Nos. 3 & 10)** |

On February 24, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following the Court's issuance of an order to respondent to show cause why the petition should not be granted, petitioner filed a motion to amend the petition. The proofs of service attached to petitioner's motion and accompanying documents indicate petitioner did not serve respondent with a copy of the motion. (Docket Nos. 3, 4 & 5.) Approximately one week after petitioner filed his motion, respondent filed an answer to the petition, in which answer respondent made no reference to the motion to amend. Petitioner did not file a traverse to the petition, but has filed a motion for a copy of all documents lodged and filed in the instant action on the ground that prison officials lost all of petitioner's legal documents. (Docket

No. 10.)

### 1. Motion to Amend

The instant petition raises four claims; respondent has not argued that any of the claims are unexhausted. In his motion to amend the petition, petitioner states that he wishes to file an amended petition containing unexhausted claims so that he may bring such claims to the Court's attention. Petitioner does not state the nature of the claims or whether he is pursuing those claims in state collateral proceedings.

Petitioner's motion will be denied. A habeas petitioner may not proceed with a petition that contains both exhausted and unexhausted claims. See Rhines v. Webber, 544 U.S. 269, 273 (2005). Consequently, petitioner may not amend his petition to add unexhausted claims. If petitioner, however, wishes to amend his petition in the future to include unexhausted claims that he currently is exhausting in the state courts, he can file a motion for a stay of the instant proceedings while he exhausts such claims. See King v. Ryan, 564 F.3d 1133, 1139, 1140 (9th Cir. 2009) (holding district court may stay fully-exhausted petition while petitioner returns to state court to exhaust new claims).

Accordingly, before the instant matter may proceed further, petitioner either must (1) inform the Court that he intends to proceed only with the claims included in the petition he filed on February 24, 2009, or (2) move for a stay of the instant petition while he returns to state court to exhaust his unexhausted claims. If petitioner chooses the latter option, he must delineate the nature of the claims he will be exhausting in state court. Additionally, if the petition is stayed, petitioner must, once the claims are exhausted, amend his petition to add the newly-exhausted claims. Importantly, such amendment must take place within the one-year limitations period set forth at 28 U.S.C. § 2244(d)(1), or the newly-exhausted claims will be dismissed as untimely. King, 564 F.3d at 1140-41.

### 2. Motion for Copies

Petitioner moves for a copy of all documents filed in the instant action and all exhibits lodged by respondent in support of the answer to the petition. In particular, petitioner declares under penalty of perjury that all of his legal documents were lost by prison officials

when petitioner was transferred from Corcoran State Prison to Calipatria State Prison. Good cause appearing, petitioner's motion will be granted. Petitioner shall be provided with the above-noted documents and exhibits as set forth below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion for leave to file an amended petition is hereby DENIED.

2. Within **thirty (30)** days of the date this order is filed, petitioner shall either: (1) inform the Court that he intends to proceed only with the claims included in the petition he filed on February 24, 2009, or (2) move for a stay of the instant petition while he returns to state court to exhaust his unexhausted claims.

If petitioner fails to timely respond to this order by choosing one of the above-enumerated options, the Court will schedule a date for petitioner to file a traverse to respondent's answer to the petition that was filed on February 24, 2009.

3. Petitioner's motion for copies of all documents filed in the instant action and all exhibits lodged by respondent in support of the answer to the petition is hereby GRANTED.

Within **thirty (30)** days of the date this order is filed, respondent shall serve petitioner with copies of the answer to the petition and the lodged exhibits in support thereof.

Additionally, the Clerk shall send to petitioner copies of Docket Nos. 1, 2, 3, 4 and 5.

This order terminates Docket Nos. 3 and 10.

IT IS SO ORDERED.

DATED: August 2, 2010

_____
MAXINE M. CHESNEY
United States District Judge

3