IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCOS AMPARO,

    Petitioner,

v.

MIKE MCDONALD, Warden,

    Respondent.
_____/

No. C 09-0801 MMC (PR)

**ORDER DENYING PETITIONER'S REQUEST FOR EXTENSION OF TIME; DENYING PETITIONER'S MOTION FOR TRAVERSE**

    By order filed March 30, 2012, the Court denied the above-titled petition for a writ of habeas corpus, finding petitioner Marcos Amparo had failed to show he was entitled to relief on any of the four claims alleged therein. In its order, the Court noted that petitioner had not filed a traverse. Now before the Court is petitioner's untitled request, filed June 15, 2012, for an extension of time to file a traverse, and petitioner's "Motion for Traverse," filed September 4, 2012, to which he has attached a document the Court construes as his proposed traverse. For the following reasons, both the request and the motion will be denied.

    Petitioner filed the instant petition on February 24, 2009, and, on November 12, 2009, respondent filed an answer to the petition. Thereafter, by order filed January 26, 2011, the Court set a March 28, 2011 deadline for petitioner to file his traverse. On March 15, 2011, petitioner filed a motion seeking an extension of time, which motion the Court granted by order filed April 29, 2011; specifically, the Court extended the deadline to June 1, 2011. On July 5, 2011, petitioner filed a second motion for an extension of time, which

motion the Court granted by order filed July 8, 2011; specifically, the Court extended the deadline to August 31, 2011. Petitioner, however, neither filed a traverse nor requested a further extension of time by August 31, 2011. Thereafter, on March 30, 2012, the Court, as noted above, denied the petition; on April 2, 2012, the Clerk entered judgment on the Court's order of March 30, 2012.

Petitioner's pending request for an extension of time to file a traverse was filed more than ten months after the deadline to file a traverse had passed and two months after judgment in the above-titled action was entered. Under such circumstances, the Court construes petitioner's request as a motion for an order setting aside the judgment for the purpose of the Court's considering an untimely traverse, see Fed. R. Civ. P. 60(b)(1), and petitioner's later-filed motion as a renewal thereof, see id. So construed, the request and motion will be denied, for the reason that petitioner fails to show his failure to file, on or before August 31, 2011, either a traverse or a request for a further extension of time was on account of any "mistake, inadvertence, surprise, or excusable neglect." See id.

Further, even assuming petitioner has shown cognizable grounds exist to set aside the judgment and to consider the proposed traverse filed September 4, 2012, see, e.g., Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir. 2000), the Court finds consideration of said traverse does not change the Court's determination as set forth in the Court's order of March 30, 2012.

Accordingly, petitioner's request for an extension of time and his motion for traverse are hereby DENIED.

Lastly, to the extent petitioner may seek to appeal the instant order, a certificate of appealability is hereby DENIED, for the reason petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: September 12, 2012

MAXINE M. CHESNEY
United States District Judge

2